SILBERMAN, Judge.
Jeffrey Ross appeals the trial court’s judgment and sentence for trespass on a construction site and grand theft. He argues that the trial court erred in denying his motion for judgment of acquittal as to the trespass charge because the State failed to prove that he was not authorized to be on the construction site. We agree.
The crime of trespass on a construction site is set forth in section 810.09, Florida Statutes (2001). To prove that Ross trespassed on a construction site, the State had to establish that (1) Ross, without being authorized, licensed, or invited, willfully entered upon or remained in the property, and (2) the property was a construction site “legally posted and identified in substantially the following manner: ‘THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROP *750 ERTY COMMITS A FELONY.’ ” § 810.09(l)(a), (d).
A key issue at trial as to the trespass charge was whether Ross was authorized to work at the construction site on the Saturday that he was observed removing materials from the site in his truck. While he normally worked at the site on weekdays, none of the State’s witnesses established that Ross did not have permission to be at the site on the Saturday in question. Because there was no competent, substantial evidence that Ross trespassed on a construction site, the judgment for that crime must be reversed.
Accordingly, we reverse the judgment for trespass on a construction site, affirm the judgment for grand theft, and remand for entry of a corrected judgment and for resentencing on the grand theft.
Affirmed in part, reversed in part, and remanded.
WHATLEY and STRINGER, JJ„ Concur.